SNELL & WILMER L.L.P.
William S. O'Hare (SBN 082562)
wohare@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Sid Leach (*pro hac vice to be filed*)
SNELL & WILMER L.L.P.
2400 E. Van Buren – One Arizona Center
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile: 602.382.0430
Email: sleach@swlaw.com

William Y. Klett, III (*pro hac vice to be filed*)
BURR & FORMAN L.L.P.
1221 Main St., Suite 1800
Columbia, South Carolina 29201
Telephone: 803.753.3221
Facsimile: 803.753.3278
Email: wklett@burr.com

Attorneys for Plaintiff
COMPOSITE RESOURCES, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| COMPOSITE RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEREK R. PARSONS, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Composite Resources, Inc. ("Composite" or "Plaintiff") brings this action seeking relief against Defendant Derek R. Parsons ("Defendant"), an officer of the corporation Recon Medical, LLC, who personally took part in acts of patent infringement by the corporation and/or who specifically directed other officers,

agents, and employees of the corporation to commit the acts of patent infringement, and alleges as follows:

## PARTIES

1.      Plaintiff is a company formed under the laws of the State of South Carolina, having a place of business at 485 Lakeshore Parkway, Rock Hill, South Carolina 29730.

2.      Defendant, on information and belief, is a citizen and resident of Redding, California, and is and has been engaging in acts giving rise to this cause of action in this State and District. On information and belief, Defendant resides and may be found at 1615 Record Lane, Redding, California 96001-9401.  Defendant is the chief executive officer ("CEO") of Recon Medical, LLC (hereinafter "RECON"), and an employee of RECON.  Defendant controls RECON.  Defendant has personally directed and participated in tortious acts of patent infringement committed by RECON, and Defendant has been the moving force behind those tortious acts of patent infringement.  Defendant is, and has been, responsible for all of the relevant decisions by RECON that led to the tortious acts of patent infringement committed by RECON.  Defendant has ultimate authority and control over all of RECON's business activities.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and Cal. Code Civ. Proc § 410.10. Defendant is a citizen of the State of California.  Additionally, Defendant is a resident of this State and District.  Defendant may be found in this State and District.

5.      Defendant has performed acts in this State and District giving rise to the cause of action alleged herein, and in so doing has purposely availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

protections of the laws of this forum. Defendant is and has been conducting the infringing business of Recon Medical, LLC, either directly or indirectly, from this State and District by, *inter alia*, personally taking part in acts of patent infringement by RECON and/or by specifically directing other officers, agents, and employees of RECON to commit tortious acts of patent infringement involving, *inter alia*, offering for sale, selling, and importing infringing products, and otherwise engaging in business activities in this State and District. Additionally, Defendant is responsible for RECON placing infringing products into the stream of commerce, including selling and offering for sale infringing products using Amazon.com and a website at www.recommedical.com, with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District. The cause of action alleged herein arises out of Defendant's acts committed in this State and District.

6.     Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(b) and 1400(b). Defendant resides in this District. A substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State and District.

## **FACTUAL BACKGROUND**

7.     Plaintiff is in the business of designing, manufacturing, and selling tourniquets.

8.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 7,842,067 ("the '067 Patent") entitled "Tourniquet and Method of Use." A true and correct copy of the '067 Patent is attached hereto as Exhibit A.

9.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 7,892,253 ("the '253 Patent") entitled "Tourniquet and Method of Use." A true and correct copy of the '253 Patent is attached hereto as Exhibit B.

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

10. Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 8,888,807 ("the '807 Patent") entitled "Tourniquet and Method of Use." A true and correct copy of the '807 Patent is attached hereto as <u>Exhibit C</u>.

11. The patented tourniquets covered by Plaintiff's '067 Patent, '253 Patent, and '807 Patent, met a long-felt need for an effective tourniquet. Plaintiff's patented tourniquets can be applied with one hand, and are effective at stopping arterial bleeding. The patented tourniquets covered by Plaintiff's '067 Patent, '253 Patent, and '807 Patent, have been a commercial success. Plaintiff's patented tourniquets have saved lives. The patented tourniquets covered by Plaintiff's '067 Patent, '253 Patent, and '807 Patent, have received awards and recognition. Plaintiff's patented tourniquets have been deemed to be 100% effective by the U.S. Army Institute of Research, and are the standard issue of the United States Army, Navy, Marines, Air Force, and Coast Guard.

12. Plaintiff's patented tourniquets have been properly marked with the relevant patent numbers pursuant to 35 U.S.C. § 287 in order to give notice of Plaintiff's patents to anyone inspecting one of the patented tourniquets.

13. RECON, which has been directed and controlled by Defendant, is in the business of importing, offering for sale, and selling tourniquets that infringe the '067 Patent, the '253 Patent, and the '807 Patent. Defendant personally took part in the infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit infringing acts. In short, Defendant has been personally responsible for the tortious conduct alleged herein that led to RECON's liability for patent infringement.

14. Defendant directed and caused RECON to send one or more samples of Plaintiff's patented tourniquets to a manufacturer in China. The manufacturer in China produced for RECON infringing tourniquets that RECON imported into the United States and which RECON offered for sale and sold in the United States.

COMPLAINT FOR PATENT INFRINGEMENT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4853-7121-8183.1

Defendant personally took part in these acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these acts.

15.    At least as early as June 1, 2016, Defendant was on notice of patent issues concerning the infringing tourniquets that were being imported into the United States by RECON, and which were being sold and offered for sale in the United States by RECON.

16.    At least as early as December 13, 2016, Defendant received actual notice of patent infringement concerning the '067 Patent, the '253 Patent, and/or the '807 Patent owned by Plaintiff.

17.    At least as early as December 13, 2016, Defendant received actual notice that the infringing tourniquets that were being imported into the United States by RECON, and which were being sold and offered for sale in the United States by RECON, infringed Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent.

18.    On or about January 27, 2017, Plaintiff filed a civil action against RECON alleging claims of patent infringement, trademark infringement, and unfair competition, which civil action was transferred to the District of Nevada, and was assigned Civil Action No. 2:17-cv-01755-MMD-VCF.  At all relevant times during the pendency of Civil Action No. 2:17-cv-01755-MMD-VCF, Defendant directed and controlled the defense of that case on behalf of RECON.

19.    On or about July 5, 2019, the United States District Court for the District of Nevada determined that RECON was guilty of trademark infringement and had infringed Plaintiff's registered trademark for "Combat Application Tourniquet," U.S. Trademark Registration No. 3,863,064, issued on October 19, 2010.  Defendant was the moving force behind RECON's tortious acts of trademark infringement, and Defendant directed and controlled those tortious acts of trademark infringement by RECON.

20.    On or about July 5, 2019, the Civil Action No. 2:17-cv-01755-MMD-VCF determined that RECON was guilty of unfair competition against Plaintiff.

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Defendant was the moving force behind RECON's tortious acts of unfair competition, and Defendant directed and controlled those tortious acts of unfair competition by RECON.

21.    On or about December 26, 2019, in a pretrial order entered by the United States District Court for the District of Nevada in Civil Action No. 2:17-cv-01755-MMD-VCF, RECON admitted that Plaintiff is the owner of the '067 Patent, the '253 Patent, and the '807 Patent.

22.    Between April 2016 and continuing to the present, RECON imported, used, sold, and offered for sale infringing tourniquets that infringed, *inter alia*, claims 1-11 and 17 of the '067 Patent owned by Plaintiff.  The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4").  Defendant personally took part in these infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these infringing acts.

23.    Between April 2016 and continuing to the present, RECON imported, used, sold, and offered for sale infringing tourniquets that infringed, *inter alia*, claims 1-5 and 8-11 of the '253 Patent owned by Plaintiff.  The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

4"). Defendant personally took part in these infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these infringing acts.

24.    Between April 2016 and continuing to the present, RECON actively induced infringement of at least claim 12 of the '253 Patent owned by Plaintiff. During this period of time, the infringing tourniquets involved in the direct infringement that was induced by RECON included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4"). Defendant personally took part in these infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these infringing acts.

25.    Between April 2016 and continuing to the present, RECON imported into the United States tourniquets that were made by a method covered by, *inter alia*, claims 1-4, 6, 8-20, and 22-30 of the '807 Patent owned by Plaintiff, and RECON infringed Plaintiff's '807 Patent by selling, using, and offering to sell such tourniquets in the United States. The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4"). Defendant personally took part in these infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these infringing acts.

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

26.     After significant delays resulting from the COVID-19 pandemic, the United States District Court for the District of Nevada issued a Minute Order on September 3, 2021, ordering that a jury trial was set for November 29, 2021 at 9:00 AM in Reno Courtroom 5 before Chief Judge Miranda M. Du in Civil Action No. 2:17-cv-01755-MMD-VCF, and further setting a telephonic master trial scheduling conference and a telephonic calendar call for the case.

27.     That same day, RECON filed a "Notice of Bankruptcy and of Imposition of Automatic Stay Pursuant to 11 U.S.C. 362" to stay Civil Action No. 2:17-cv-01755-MMD-VCF and stop the trial from going forward.  RECON filed a Chapter 11 petition in the United States Bankruptcy Court for the District of Nevada, which became Bankruptcy Case No. 21-14382-nmc.  The bankruptcy petition was signed by Defendant as the "Chief Executive Officer" of RECON and the "authorized representative of debtor."   The bankruptcy petition was accompanied by a Unanimous Written Consent of the Managers and Members of Recon Medical, LLC, which was signed by Defendant and John Rood, and which resolved that Defendant "shall be designed as the responsible person" in RECON's chapter 11 bankruptcy case.

28.     On or about October 1, 2021, Plaintiff filed a notice in Civil Action No. 2:17-cv-01755-MMD-VCF advising the court that the bankruptcy court had granted Plaintiff's motion to confirm the absence of the automatic stay, or in the alternative, granting relief from the automatic stay to proceed with the district court action for injunctive relief against post-petition patent infringement by RECON.

29.     On or about October 5, 2021, the United States District Court for the District of Nevada issued a Minute Order setting a telephonic pretrial status hearing in Civil Action No. 2:17-cv-01755-MMD-VCF.

30.     On or about October 13, 2021, the United States District Court for the District of Nevada held a telephonic pretrial status hearing in Civil Action No. 2:17-cv-01755-MMD-VCF, determined that the trial would go forward limited to

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

injunctive relief, and directed the parties to file briefs that identified the claims to be tried, and stating their positions as to whether the court should resolve the issues by bench trial or whether RECON had a right to a jury trial on the remaining issues.

31.    On or about October 21, 2021, the United States District Court for the District of Nevada issued a Minute Order, which was amended the following day, setting a trial schedule for Civil Action No. 2:17-cv-01755-MMD-VCF.

32.    On or about October 25, 2021, in another effort to avoid a trial on the merits in Civil Action No. 2:17-cv-01755-MMD-VCF, RECON filed a motion to dismiss for alleged violation of the anti-claim splitting doctrine.   On or about November 9, 2021, RECON's motion to dismiss was denied.

33.    Between November 30 and December 2, 2021, the trial of Civil Action No. 2:17-cv-01755-MMD-VCF took place in the United States District Court for the District of Nevada.  Defendant attended the entire trial as RECON's representative. Defendant testified on behalf of RECON at the trial.  Defendant directed the trial and controlled the defense offered at trial on behalf of RECON.

34.    On or about December 2, 2021, at the close of evidence, and after both parties had rested their case, the United States District Court for the District of Nevada granted judgment as a matter of law in favor of Plaintiff in Civil Action No. 2:17-cv-01755-MMD-VCF, finding that the '067 Patent, the '253 Patent, and the '807 Patent were all valid.

35.    On or about December 2, 2021, after less than 90 minutes of deliberation, the jury returned a verdict finding that all of RECON's tourniquets infringed the '067 Patent, the '253 Patent, and the '807 Patent, including the tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and the tourniquets referred to as the Recon GEN 4.

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

36.     That same day, during a hearing before the court, Plaintiff requested that RECON stop committing acts of infringement pending a determination by the court whether to grant equitable relief in the form of an injunction.  At the direction of Defendant, RECON refused to stop selling and offering for sale the infringing tourniquets.  Defendant willfully and deliberately made the decision on behalf of RECON to continue to commit acts of patent infringement, and to continue to sell and offer for sale infringing GEN 4 tourniquets on Amazon.com and on RECON's website at www.recommedical.com.  Defendant personally took part in these acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these acts.

37.     At all times following the jury verdict finding that all of RECON's tourniquets infringe Plaintiff's '067 Patent, '253 Patent, and '807 Patent, Defendant has been "the responsible person" for RECON, and has made all of the relevant decisions on behalf of RECON.  Defendant has deliberately and willfully caused RECON to continue to infringe Plaintiff's '067 Patent, '253 Patent, and '807 Patent.  In an effort to increase the extent of infringement and to increase the number of infringing sales by RECON, Defendant slashed prices by 60% for infringing tourniquets offered for sale by RECON on Amazon.com.  Defendant personally took part in these acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these acts.

38.     Plaintiff's patented tourniquets are sold under the registered COMBAT APPLICATION TOURNIQUET® mark. Plaintiff is the exclusive manufacturer of the patented COMBAT APPLICATION TOURNIQUET® tourniquets.  Plaintiff has not licensed the '067 Patent, the '253 Patent, or the '807 Patent to any unrelated entity.  RECON has sold and offered for sale its infringing tourniquets in direct competition with Plaintiff.

39.     With full knowledge of the '067 Patent, the '253 Patent, and the '807 Patent, Defendant supervised, directed, participated in, and/or approved the

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

infringing acts of RECON. Defendant personally took part in the acts of infringement by RECON and/or specifically directed other officers, agents, and employees of RECON to commit acts of infringement.

40.    Defendant has actively induced RECON to commit acts of infringement of the '067 Patent, the '253 Patent, and the '807 Patent, and is currently inducing RECON to infringe, either directly or indirectly, by, *inter alia*, using, offering for sale, selling, and importing infringing tourniquets and other products, and otherwise engaging in business activities in this State and District. Additionally, Defendant has actively induced RECON to place infringing tourniquets and other products into the stream of commerce using the website at www.reconmedical.com, using Amazon.com, and by other means, with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District. Further, Defendant has actively induced RECON to knowingly send infringing products to purchasers in this State and District, and continues to do so.

41.    Defendant's actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's patent rights.

42.    Defendant's activities have caused and will continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's sales, distribution, goodwill, and reputation.

43.    Plaintiff is suffering irreparable harm and damage as a result of Defendant's acts in an amount not yet determined.

44.    Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill. Plaintiff has no adequate remedy at law to redress these injuries.

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

## COUNT I

**Infringement of U.S. Patent No. 7,842,067 Under 35 U.S.C. § 271(a)**

45.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

46.    Between April 2016 and continuing to the present, RECON imported, used, sold, and offered for sale infringing tourniquets that infringed, *inter alia*, claims 1-11 and 17 of the '067 Patent owned by Plaintiff.   The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4").

47.    Defendant personally took part in those infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit those infringing acts.

48.    On or about December 2, 2021, after less than 90 minutes of deliberation, the jury returned a verdict finding that all of RECON's tourniquets infringed the '067 Patent, the '253 Patent, and the '807 Patent, including the tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and the tourniquets referred to as the Recon GEN 4.

49.    At all relevant times, Defendant directed and controlled the defense offered on behalf of RECON in Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada.  Defendant attend the entire trial as RECON's representative.  Defendant testified on behalf of RECON at the

COMPLAINT FOR PATENT
INFRINGEMENT

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4853-7121-8183.1

1  trial. Defendant acted as the Chief Executive Officer of RECON, was the responsible

2  person for RECON, and made all relevant decisions on behalf of RECON.

3      50.    Defendant is bound by the outcome of Civil Action No. 2:17-cv-01755-

4  MMD-VCF in the United States District Court for the District of Nevada, and is

5  collaterally estopped from challenging the ownership, validity, or infringement of

6  Plaintiff's '067 Patent.

7      51.    Even after the jury returned a verdict finding that the tourniquets

8  imported into the United States by RECON, and offered for sale and sold by RECON,

9  infringed Plaintiff's '067 Patent, Defendant willfully and deliberately directed

10 RECON to continue to infringe Plaintiff's '067 Patent, and engaged in acts intended

11 to increase infringing sales by dramatically reducing prices for infringing products

12 offered for sale by RECON.

13     52.    Defendant's conduct has been willful and deliberate, and the acts of

14 infringement caused by Defendant were willful and deliberate.

15     53.    RECON, under the direction and control of Defendant, committed the

16 acts of infringement complained of herein without the consent or authorization of

17 Plaintiff and in derogation of 35 U.S.C. § 271(a).

18     54.    Plaintiff has been damaged by Defendant's conduct.

19     55.    Defendant's conduct has irreparably harmed Plaintiff, and unless

20 enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

21     56.    Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C.

22 §§ 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT II

### Infringement of U.S. Patent No. 7,892,253 Under 35 U.S.C. § 271(a)

25     57.    Plaintiff realleges and incorporates herein by reference the foregoing

26 paragraphs.

27     58.    Between April 2016 and continuing to the present, RECON imported,

28 used, sold, and offered for sale infringing tourniquets that infringed claims 1-5 and

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

8-11 of the '253 Patent owned by Plaintiff.  The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4").

59.    Defendant personally took part in those infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit those infringing acts.

60.    On or about December 2, 2021, after less than 90 minutes of deliberation, the jury returned a verdict finding that all of RECON's tourniquets infringed the '067 Patent, the '253 Patent, and the '807 Patent, including the tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and the tourniquets referred to as the Recon GEN 4.

61.    At all relevant times, Defendant directed and controlled the defense offered on behalf of RECON in Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada.  Defendant attend the entire trial as RECON's representative.  Defendant testified on behalf of RECON at the trial.  Defendant acted as the Chief Executive Officer of RECON, was the responsible person for RECON, and made all relevant decisions on behalf of RECON.

62.    Defendant is bound by the outcome of Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada, and is collaterally estopped from challenging the ownership, validity, or infringement of Plaintiff's '253 Patent.

- 14 -

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

63.   Even after the jury returned a verdict finding that the tourniquets imported into the United States by RECON, and offered for sale and sold by RECON, infringed Plaintiff's '253 Patent, Defendant willfully and deliberately directed RECON to continue to infringe Plaintiff's '253 Patent, and engaged in acts intended to increase infringing sales by dramatically reducing prices for infringing products offered for sale by RECON.

64.   Defendant's conduct has been willful and deliberate, and the acts of infringement caused by Defendant were willful and deliberate.

65.   RECON, under the direction and control of Defendant, committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271(a).

66.   Plaintiff has been damaged by Defendant's conduct.

67.   Defendant's conduct has irreparably harmed Plaintiff, and unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

68.   Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT III

**Infringement of U.S. Patent No. 8,888,807 Under 35 U.S.C. § 271(g)**

69.   Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

70.   Between April 2016 and continuing to the present, RECON imported into the United States tourniquets that were made by a method covered by, *inter alia*, claims 1-4, 6, 8-20, and 22-30 of the '807 Patent owned by Plaintiff, and RECON infringed Plaintiff's '807 Patent by selling, using, and offering to sell such tourniquets in the United States.  The infringing tourniquets imported, used, sold, and offered for sale during this period of time included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4").

71.    Defendant personally took part in those infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit those infringing acts.

72.    On or about December 2, 2021, after less than 90 minutes of deliberation, the jury returned a verdict finding that all of RECON's tourniquets infringed the '067 Patent, the '253 Patent, and the '807 Patent, including the tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and the tourniquets referred to as the Recon GEN 4.

73.    At all relevant times, Defendant directed and controlled the defense offered on behalf of RECON in Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada.  Defendant attend the entire trial as RECON's representative.  Defendant testified on behalf of RECON at the trial.  Defendant acted as the Chief Executive Officer of RECON, was the responsible person for RECON, and made all relevant decisions on behalf of RECON.

74.    Defendant is bound by the outcome of Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada, and is collaterally estopped from challenging the ownership, validity, or infringement of Plaintiff's '807 Patent.

75.    Even after the jury returned a verdict finding that the tourniquets imported into the United States by RECON, and offered for sale and sold by RECON, infringed Plaintiff's '807 Patent under 35 U.S.C. § 271(g), Defendant willfully and deliberately directed RECON to continue to commit acts of infringement by continuing to sell and offer for sale products that had been imported into the United

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

States which were made by a process patented under Plaintiff's '807 Patent, and Defendant engaged in acts intended to increase infringing sales by dramatically reducing prices for infringing products offered for sale by RECON.

76.    Defendant's conduct has been willful and deliberate, and the acts of infringement caused by Defendant were willful and deliberate.

77.    RECON, under the direction and control of Defendant, committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271(g).

78.    Plaintiff has been damaged by Defendant's conduct.

79.    Defendant's conduct has irreparably harmed Plaintiff, and unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

80.    Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT IV

### Infringement of U.S. Patent No. 7,892,253 Under 35 U.S.C. § 271(b)

81.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

82.    Between April 2016 and continuing to the present, RECON actively induced infringement of at least claim 12 of the '253 Patent owned by Plaintiff. During this period of time, the infringing tourniquets involved in the direct infringement that was induced by RECON included tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and tourniquets referred to as the Recon GEN 4 (GEN 4 also includes a version sometimes referred to as GEN 4B, which are collectively referred to herein as "GEN 4").

COMPLAINT FOR PATENT INFRINGEMENT

SNELL & WILMER
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4853-7121-8183.1

83.    Defendant personally took part in those infringing acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit those infringing acts.

84.    On or about December 2, 2021, after less than 90 minutes of deliberation, the jury returned a verdict finding that all of RECON's tourniquets infringed the '067 Patent, the '253 Patent, and the '807 Patent, including the tourniquets referred to as the Recon GEN 1 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 2 (also sometimes referred to as Version 1), the tourniquets referred to as the Recon GEN 3 (also sometimes referred to as Version 2), and the tourniquets referred to as the Recon GEN 4.

85.    At all relevant times, Defendant directed and controlled the defense offered on behalf of RECON in Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada.  Defendant attend the entire trial as RECON's representative.  Defendant testified on behalf of RECON at the trial.  Defendant acted as the Chief Executive Officer of RECON, was the responsible person for RECON, and made all relevant decisions on behalf of RECON.

86.    Defendant is bound by the outcome of Civil Action No. 2:17-cv-01755-MMD-VCF in the United States District Court for the District of Nevada, and is collaterally estopped from challenging the ownership, validity, or infringement of Plaintiff's '253 Patent.

87.    Even after the jury returned a verdict finding that the tourniquets imported into the United States by RECON, and offered for sale and sold by RECON, infringed Plaintiff's '253 Patent, Defendant willfully and deliberately directed RECON to continue to induce infringement of Plaintiff's '253 Patent, and engaged in acts intended to increase the extent of infringement by dramatically reducing prices for infringing products offered for sale by RECON.

88.    Defendant's conduct has been willful and deliberate, and the acts of infringement caused by Defendant were willful and deliberate.

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

89.     RECON, under the direction and control of Defendant, committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271(b).

90.     Plaintiff has been damaged by Defendant's conduct.

91.     Defendant's conduct has irreparably harmed Plaintiff, and unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

92.     Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT V

**Inducement of Infringement of U.S. Patent No. 7,842,067, U.S. Patent No. 7,892,253, and U.S. Patent No. 8,888,807 Under 35 U.S.C. § 271(b)**

93.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

94.     Defendant has actively induced RECON and others to commit direct acts of infringement of the '067 Patent, the '253 Patent, and the '807 Patent, including the above-alleged acts of infringement, within the meaning of 35 U.S.C. 271(b).

95.     As an inducer of infringement under 35 U.S.C. 271(b), Defendant is jointly liable for the acts of infringement committed by RECON.

96.     Defendant has induced acts of direct infringement without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271(b).

97.     At all relevant times, Defendant was aware of the '067 Patent, the '253 Patent, and/or the '807 Patent.

98.     Defendant's actions comprising inducement of infringement were intentionally taken, and such acts were committed willfully, knowingly, and deliberately.

99.     Defendant's actions comprising inducement of infringement were taken knowing that the acts that Defendant was causing would infringe the '067 Patent, the '253 Patent, and/or the '807 Patent.

4853-7121-8183.1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

100.    Plaintiff has been damaged by Defendant's unlawful conduct.

101.    Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff.

102.    Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT VI

**Civil Conspiracy to Commit Unlawful Acts of Patent Infringement**

103.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

104.    RECON is a limited liability corporation, organized under the laws of the State of Nevada.  Defendant is a manager and a member of RECON.  Defendant owns 50% of RECON.

105.    John Rood is a manager and a member of RECON.  John Rood owns 50% of RECON.

106.    Defendant and John Rood participated in an unlawful conspiracy, and although at times each of them may not have actually committing specific tortious acts themselves, both of them shared a common plan or design with the immediate tortfeasors in the perpetration of the unlawful activity involving the infringement of Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent, the infringement of Plaintiff's registered trademark, and other acts of unfair competition.

107.    At the time that Defendant and John Rood organized RECON, Defendant and John Rood had already agreed, either expressly or tacitly, to launch an unlawful business for the purpose of infringing upon the '067 Patent, the '253 Patent, and/or the '807 Patent owned by Plaintiff, for the purpose of infringing Plaintiff's registered trademark, and/or for the purpose of committing acts of unfair competition.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4853-7121-8183.1

108.    RECON was named Recon Medical, LLC, because Defendant and John Rood had already decided to sell infringing tourniquets at the time that they created RECON.

109.    Alternatively, at some point in time, Defendant and John Rood agreed, either expressly or tacitly, to engage in an unlawful business that committed acts of infringement concerning Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent.

110.    Alternatively, at some point in time, Defendant and John Rood agreed, either expressly or tacitly, to engage in an unlawful business that committed acts of trademark infringement concerning Plaintiff's registered trademark.

111.    Alternatively, at some point in time, Defendant and John Rood agreed, either expressly or tacitly, to engage in an unlawful business that committed acts of unfair competition against Plaintiff.

112.    Defendant and John Rood were aware of Plaintiff's patents, because Plaintiff's patented tourniquets have been properly marked with the relevant patent numbers pursuant to 35 U.S.C. § 287 in order to give notice of Plaintiff's patents to anyone inspecting one of the patented tourniquets.

113.    Defendant and John Rood both personally took part in the infringing acts and other unlawful acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit infringing acts and/or other unlawful acts.

114.    Defendant and John Rood conspired together to select a manufacturer in China as a source for RECON's infringing products, because the China manufacturer already had available off-the-shelf tourniquets that were a copy of Plaintiff's patented tourniquet design, and which infringed Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent.

115.    Defendant and John Rood agreed, expressly or tacitly, to send one or more samples of Plaintiff's patented tourniquets to the manufacturer in China. The manufacturer in China produced for RECON infringing tourniquets that RECON

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

imported into the United States and which RECON offered for sale and sold in the United States. Defendant and John Rood personally took part in these acts by RECON and/or specifically directed other officers, agents, and employees of RECON to commit these acts.

116. At least as early as June 1, 2016, both Defendant and John Rood were on notice of patent issues concerning the infringing tourniquets that were being imported into the United States in furtherance of their unlawful conspiracy, and which were being sold and offered for sale in the United States by RECON.

117. At least as early as December 13, 2016, both Defendant and John Rood had received actual notice of patent infringement concerning the infringing tourniquets that were being imported into the United States in furtherance of their unlawful conspiracy.

118. At least as early as December 13, 2016, both Defendant and John Rood had received actual notice that the infringing tourniquets that were being imported into the United States by RECON, and which were being sold and offered for sale in the United States by RECON, infringed Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent.

119. At least as early as January 27, 2017, when Plaintiff filed the complaint that commenced Civil Action No. 2:17-cv-01755-MMD-VCF against RECON, both Defendant and John Rood were aware that the infringing tourniquets that were being imported into the United States in furtherance of their unlawful conspiracy, and which were being sold and offered for sale in the United States in furtherance of their unlawful conspiracy, infringed Plaintiff's '067 Patent, '253 Patent, and/or '807 Patent.

120. At least as early as January 27, 2017, when Plaintiff filed the complaint that commenced Civil Action No. 2:17-cv-01755-MMD-VCF against RECON, both Defendant and John Rood were aware that RECON was infringing Plaintiff's

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1

registered trademark, and that RECON was otherwise unfairly competing against Plaintiff.

121.   Nevertheless, Defendant and John Rood willfully and deliberately continued their unlawful conspiracy for their own unlawful profit and gain, and to cause injury to Plaintiff's patent rights, to cause injury to Plaintiff's trademark rights, and to otherwise unfairly compete against Plaintiff.

122.   The actions by Defendant and John Rood in furtherance of their conspiracy were taken knowingly and deliberately to cause unlawful infringement the '067 Patent, the '253 Patent, and/or the '807 Patent owned by Plaintiff.

123.   The actions by Defendant and John Rood in furtherance of their conspiracy were taken knowingly and deliberately to cause consumer confusion between the infringing products offered for sale by RECON and the authentic products offered for sale by Plaintiff.

124.   Plaintiff has been damaged by the unlawful conduct engaged in by Defendant and John Rood in furtherance of the conspiracy.

125.   Both Defendant and John Rood are jointly liable for the damages caused to Plaintiff by the unlawful conspiracy engaged in by Defendant and John Rood.

126.   The unlawful conduct engaged in by Defendant and John Rood in furtherance of the conspiracy has irreparably harmed Plaintiff, and unless the co-conspirators are enjoined, will continue to harm Plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of a judgment:

(A)   holding Defendant liable for RECON's infringement of the '067 Patent, the '253 Patent, and the '807 Patent;

(B)   holding Defendant liable for infringement of the '067 Patent, the '253 Patent, and the '807 Patent;

(C)   holding Defendant liable for actively inducing infringement of the '067 Patent, the '253 Patent, and the '807 Patent;

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

(D)    awarding Plaintiff damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

(E)    declaring this case as exceptional pursuant to 35 U.S.C. § 285;

(F)    granting Plaintiff a monetary award against Defendant to compensate for, and to account for, Defendant's unlawful conduct;

(G)    granting Plaintiff equitable relief in order to stop the harm caused to Plaintiff;

(H)    awarding Plaintiff treble damages, attorney's fees, and other costs and expenses to the maximum extent permitted by law;

(I)    awarding Plaintiff pre-judgment and post-judgment interest;

(J)    permanently enjoining Defendant from further acts of infringement; and

(K)    in accordance with Rule 54(c) of the Federal Rules of Civil Procedure, awarding Plaintiff any and all relief to which Plaintiff may be entitled, even if Plaintiff has not demanded that relief in it pleadings.

Dated: December 17, 2021        SNELL & WILMER L.L.P.
                                                William S. O'Hare
                                                Sid Leach (*pro hac vice to be filed*)

                                                BURR & FOREMAN L.L.P.
                                                William Y. Klett, III (*pro hac vice to be filed*)


                                By: /s/ *William S. O'Hare*
                                                William S. O'Hare

                                                Attorneys for Plaintiff
                                                COMPOSITE RESOURCES, INC.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

COMPLAINT FOR PATENT INFRINGEMENT

4853-7121-8183.1

# **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 17, 2021      SNELL & WILMER L.L.P.
           William S. O'Hare
           Sid Leach (*pro hac vice to be filed*)

           BURR & FOREMAN L.L.P.
           William Y. Klett, III (*pro hac vice to be filed*)

           By: /s/ *William S. O'Hare*
                   William S. O'Hare

           Attorneys for Plaintiff
           COMPOSITE RESOURCES, INC.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

COMPLAINT FOR PATENT
INFRINGEMENT

4853-7121-8183.1