UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Composite Resources, Inc., | No. 2:21-cv-02352-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Derek R. Parsons, | |
| Defendant. | |

Defendant Derek Parsons, the chief operating officer of Recon Medical, LLC, moves to dismiss plaintiff Composite Resources, Inc.'s six claims of patent infringement on claim preclusion grounds. As explained below, Composite's lawsuit in this court concerns the same patents, the same infringing products, and mostly the same claims at issue in its now-concluded lawsuit against Recon in the District of Nevada. Because Composite's lawsuit concerns claims that were or could have been raised in its Nevada lawsuit, and because no exception to claim preclusion applies, the court **grants** Parsons' motion to dismiss.

**I.    BACKGROUND**

Composite owns three related patents: Nos. 7,842,067 (the '067 patent), 7,892,253 (the '253 patent), and 8,888,807 (the '807 patent). *See* Compl. ¶¶ 8–10, ECF No. 1. All three concern a novel tourniquet, a medical device for restricting blood flow. *See, e.g.*, '067 Patent, Compl. Ex. A, ECF No. 1-1.

1

In January 2017, Composite sued Recon in the District of Nevada, alleging Recon's Gen 1, Gen 2, Gen 3 and Gen 4 tourniquets infringed its patents. *See* Compl. ¶¶ 13–18, 22–25. Composite brought claims for unfair competition, trademark infringement and patent infringement. *See id.* ¶ 18. The District of Nevada court found Recon liable for unfair competition and trademark infringement as a matter of law in July 2019. *Id.* ¶¶ 19–20. On September 3, 2021, the same day that court set a trial date for Composite's remaining patent infringement claim, Recon filed for Chapter 11 Bankruptcy. *Id.* ¶¶ 26–27. Composite then dropped its request for damages and moved forward with its lawsuit seeking only injunctive relief. *See id.* ¶¶ 28, 30. The trial ultimately went forward on November 30, 2021. *Id.* at 33. After both sides rested their cases, the court found as a matter of law that the '067 patent, the '253 patent and the '807 patent were valid, *id.* ¶ 34, and the jury then found all of Recon's tourniquets infringed Composite's patents, *id.* ¶ 35. At a subsequent hearing, Composite requested Recon cease "committing acts of infringement pending a determination by the court whether to grant equitable relief in the form of an injunction." *Id.* ¶ 36. Recon "refused" to agree, leaving the dispute for the court to resolve. *Id.*

The Nevada court issued its injunction order roughly a month later, on January 6, 2022. *See generally* Perm. Inj. Order,[1] ECF No. 16-1. The court permanently enjoined Recon, and anyone affiliated with Recon, from using, selling, importing, or monetizing in any way its infringing tourniquets. *See id.* at 13. The court explained Composite's decision not to pursue monetary damages against Recon:

> [Composite's] decision not to seek monetary damages was forced by Recon's decision to file bankruptcy. [Composite] basically faced a Hobson's choice: either abandon this case altogether after years of litigation or get an order from the bankruptcy court that would only

---

[1] The court takes judicial notice of the Nevada court's January 6, 2022 permanent injunction order. *See Intri–Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." (internal citation & quotation marks omitted)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

        allow it to pursue injunctive relief in this Court because there was no question it could no longer seek monetary damages in this case.

*Id.* at 10.

On December 17, 2022—fifteen days after Recon "refused" to stop selling its infringing tourniquets, but twenty days before the Nevada court issued its permanent injunction—Composite filed this lawsuit against defendant Parsons, Recon's chief executive officer. *See generally* Compl. Composite alleges Parsons "controls Recon" and has "ultimate authority" over all of Recon's business activities. *Id.* ¶ 2. Specifically, Composite describes Parsons as the "moving force" and the person "responsible for all of [Recon's] relevant decisions" that led to the "tortious acts of patent infringement" at issue in the Nevada lawsuit. *Id.* Composite further alleges Parsons directed Recon's litigation decisions in the Nevada lawsuit and insisted Recon sell its infringing tourniquets pending the Nevada court's injunction ruling. *Id.* ¶¶ 33, 36. Composite's six claims against Parsons are as follows: (1) through (4), infringement of its '067, '253 and '807 patents, *id.* ¶¶ 45–92; (5) inducement of infringement of those patents, *id.* ¶¶ 93–102; and (6) civil conspiracy to commit unlawful acts of patent infringement, *id.* ¶¶ 103–126.

Parsons moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing claim preclusion bars Composite's lawsuit in this court.[2] *See generally* Mot., ECF No. 13-1. The court received full briefing and heard oral arguments at a hearing on May 27, 2022. *See* Opp'n, ECF

/////

---

[2] Parsons' motion rests exclusively on claim preclusion, also known as "res judicata." Res judicata is an affirmative defense and is typically pled as such. *See* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . res judicata."). The court will nevertheless rule on Parsons' motion to dismiss. The court has the facts necessary to rule on the motion, and there appears to be no other reason why an answer would be useful. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (affirming district court's dismissal of plaintiff's complaint where "[t]he defendants raised res judicata in their motion to dismiss under Rule 12(b)(6)" because although "[o]rdinarily affirmative defenses may not be raised by motion to dismiss, . . . this is not true when, as here, the defense raises no disputed issues of fact"); *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997) (noting Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings."); *accord Hartmann v. Time, Inc.*, 166 F.2d 127, 138 (3d Cir. 1947) (noting that claim preclusion "ordinarily is pleaded as an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure[,] but this is a mere matter of form").

No. 16; Reply, ECF No. 20; Mins., ECF No. 25.  William Klett and William O'Hare appeared for plaintiff Composite; Perry Clark appeared for defendant Parsons.  Mins., ECF No. 25.

## II.   DISCUSSION

Composite offers three reasons why claim preclusion does not bar its lawsuit in this court. The court assesses these reasons in the order best allowing for organizational clarity.  First, although Composite acknowledged at hearing it could have brought the subject claims against Parsons in its Nevada lawsuit, it argues claim preclusion does not apply because Parsons was not a party to the Nevada lawsuit.  *See* Opp'n at 8–12.  Second, Composite argues the continued offering and selling of Recon's patent-infringing tourniquets after Composite filed its Nevada lawsuit "fit[s] into a 'temporal exception' to [claim preclusion]." *See id.* at 6–7.  Third, Composite points to a "limitation" on claim preclusion that allows an otherwise precluded claim to go forward if "formal jurisdictional or statutory barriers" prevented a plaintiff from recovering damages in the initial action.  *Id.* at 4–6 (citing *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996)).  Because Composite was unable to recover damages in the Nevada lawsuit due to Recon's filing for bankruptcy, Composite argues this limitation permits it to recover those damages against Parsons here. *Id.*  The court first addresses whether this lawsuit is barred under the traditional claim preclusion doctrine.  Finding that it is, the court next turns to Composite's "temporal exception" and "limitation" arguments, before briefly addressing an additional argument Composite advanced at the hearing.

### A.   Claim Preclusion

Under federal law, claim preclusion bars "lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted).  In the Ninth Circuit, claim preclusion applies when the prior suit: (1) "involved the same claim or cause of action as the later suit"; (2) "reached a final judgment on the merits"; and (3) "involved the same parties or privies." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1052 (Fed. Cir. 2014) (citing *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).  However, the first element—whether two claims for infringement constitute the "same claim" or cause of action—is an issue "particular to patent law

4

and thus Federal Circuit law applies." *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1379 (Fed. Cir. 2008). All three elements are satisfied here.

As to the first element, to determine whether the same claim or cause of action is present for purposes of claim preclusion in the patent infringement context, the Federal Circuit considers two factors: (1) whether "the same patents are involved in both suits"; and (2) whether the "products or processes" are the same or "essentially the same" in both suits. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014) (emphasis omitted). It is undisputed that the same patents at issue in the Nevada lawsuit—'067, '253 and '807—are at issue here. *See, e.g.*, Compl. ¶ 37 (alleging Parsons is responsible for Recon's continuing infringement of Composite's '067, '253 and '807 patents). It also is undisputed that the same tourniquets at issue in the Nevada lawsuit—Recon's Gen 1, Gen 2, Gen 3 and Gen 4 tourniquets—are at issue here. *Compare, e.g., id.* ¶¶ 22–25 (alleging Recon's Gen 1–4 tourniquets infringe Composite's patents), *with, e.g.*, Perm. Inj. Order at 3 ("The jury found that Recon's Gen 1, Gen 2, Gen 3, and Gen 4 tourniquets infringe [Composite's] asserted patents."). The first element is met.

Composite nevertheless argues claim preclusion does not apply because it now asserts six claims against Parsons that are "distinct from the claims asserted against Recon in the Nevada Case." Opp'n at 9. Composite principally relies on the same argument for all six claims, namely, the fact that Parsons was not a party to the Nevada litigation differentiates Composite's present claims from its claims in the Nevada litigation. *See id.* at 8–12. In making this argument, Composite does not engage, let alone mention, the Federal Circuit's "same claim" standard. Instead, Composite points the court to cases unrelated to claim preclusion. *See, e.g., id.* at 9–10. Because Composite's claims in the Nevada litigation and its claims in this case both involve the same patents ('067, '253 and '807) and the same products (Recon's Gen 1, Gen 2, Gen 3 and Gen 4 tourniquets), Composite's argument does not change this court's conclusion that the same claims are present for claim preclusion purposes.

As to the second element, whether the prior suit reached a final judgment on the merits, Composite's Nevada lawsuit resulted in a jury trial, and the court issued an injunction permanently enjoining Recon, and anyone affiliated with Recon, from selling or otherwise

5

monetizing its infringing tourniquets in any way. *See* Compl. ¶ 35 (describing jury's verdict); Perm. Inj. Order at 1, 13. The second element is met; Composite does not appear to dispute this.

The third element, whether the prior suit involved the same parties or privies, also is satisfied. Composite indirectly admits as much. *See* Compl. ¶¶ 50, 62, 74. Specifically, Composite alleges Parsons "is collaterally estopped from challenging the ownership, validity, or infringement of [Composite's] patents." *Id.* Because collateral estoppel requires identity or privity between parties, *see United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980), Composite's allegation effectively concedes that Recon and Parsons are privies.

Even absent this concession, the court finds privity exists here. Composite was the sole plaintiff in the Nevada lawsuit and is the sole plaintiff here; Recon was the sole defendant in the Nevada lawsuit, and Recon's CEO—Parsons—is the sole defendant here. Although Recon and Parsons are not the same party, the allegations of Composite's complaint conclusively demonstrate privity between Parsons and Recon for claim preclusion purposes: Composite repeatedly alleges that Parsons "controls Recon" and has "ultimate authority" over all of Recon's business activities; it describes Parsons as the "moving force" and the person "responsible for all of [Recon's] relevant decisions" that led to its "tortious acts of patent infringement." *See, e.g.*, Compl. ¶ 2. Composite further alleges Parsons directed Recon's litigation decisions in the Nevada lawsuit. *See, e.g., id.* ¶ 33. The third element is met. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (internal quotation marks and citation omitted)); *ITT Rayonier*, 627 F.2d at 1003 (privity may exist if party "had a sufficient interest and participated in the prior action").

In sum, the three-part test for claim preclusion is satisfied, and Composite's claims are precluded absent an applicable exception or limitation to claim preclusion.

/////

**B.     Claim Preclusion Exception and Limitation**

**1.     Temporal Exception**

Composite argues claim preclusion does not apply because Parsons "continued to commit more acts of patent infringement by offering for sale and by selling infringing tourniquets" (1) during the trial, and (2) following the Nevada court's finding Composite's patents valid as a matter of law and after the jury found Recon's tourniquets infringed Composite's patents.[3] *See* Opp'n at 6–7. Composite thus argues Parsons' acts following the filing of its Nevada lawsuit "fit into a temporal exception to [claim preclusion]." *Id.* at 7. In support, Composite cites to *Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed. Cir. 2010). In *Gillig*, the Federal Circuit acknowledged claim preclusion "does not apply to new rights acquired during the action which might have been, but which were not, litigated." *Id.* at 1363. *Gillig's* focus, as it says, is on "new rights." *Id.*

Composite does not point to any "new rights" that stem from Parsons' directing Recon to sell the exact same products that infringe the exact same patents at issue in its Nevada lawsuit. *Contra, e.g., id.* at 1362–63 (finding exception applied when plaintiff's second-filed suit was based on property rights assigned to plaintiff more than a year after its first suit was filed). The "temporal exception" to claim preclusion does not apply here. *See Adaptix, Inc. v. Amazon.com, Inc.*, No. 14-01379, 2015 WL 4999944, at *7–8 (N.D. Cal. Aug. 21, 2015) (rejecting same reading of *Gillig* as "entirely off the mark").

**2.     "Formal Barriers" Limitation**

The Restatement (Second) of Judgments § 26(1)(c) states that claim preclusion "does not apply to extinguish [a] claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant" when

> [t]he plaintiff was unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to

---

[3] Composite also points to a third time period: after the Nevada court issued its permanent injunction. *See* Opp'n at 6–7. But no such claim is alleged in the complaint, nor could it have been: The Nevada court issued its permanent injunction after Composite filed its complaint in this court. The issue of whether Parsons violated the Nevada court's injunction order is thus not properly before this court, and the court will not consider it.

7

> entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

The Comment to the provision explains the doctrine of claim preclusion

> is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim[,] including any theories of recovery or demands for relief that might have been available to him under applicable law.

Restatement (Second) of Judgments, § 26(1)(c) cmt. c.

Courts applying this limitation will not bar a subsequent action for damages on claim preclusion grounds—even when that action arises from the same factual circumstances as the initial action—"where a plaintiff was precluded from recovering damages in the initial action *by formal jurisdictional or statutory barriers*, not by plaintiff's choice." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (emphasis added).  The Ninth Circuit and Federal Circuit have explicitly endorsed this limitation. *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 546 (9th Cir. 2019); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1563 (Fed. Cir. 1996).

Composite argues this limitation applies here. *See* Opp'n at 4–6.  Specifically, Composite argues Recon's bankruptcy filing created both a jurisdictional barrier, *see id.* at 5 (arguing Nevada district court "did not have the power" to award damages because bankruptcy laws "created a formal jurisdictional barrier"), and a statutory barrier, *see id.* at 2–3 (arguing Recon's bankruptcy filing created a "statutory barrier" that prevented Composite from recovering damages).  Parsons appears to agree the bankruptcy filing created some barriers. *See* Reply at 7 ("[T]he only formal barrier to recovery in the Nevada Case identified by Plaintiff Composite relates to damages against Recon.") (emphasis omitted).  But Parsons argues those barriers are not relevant here because Composite "fail[s] to show [or allege] that a damages remedy would not have been available against *Defendant Parsons* in the Nevada Case." *Id.* at 6–7 (emphasis added).

The court finds the "formal barriers" limitation does not apply here for two independent reasons. First, the court is not convinced Recon's filing for bankruptcy created the kind of "formal barriers" contemplated by Section 26(1)(c) of the Restatement or applied by courts following the Restatement's guidance. Rather, these barriers exist when, for example, a prior proceeding was before a tribunal with limited jurisdiction and the subsequent suit is in federal court. *See, e.g.*, *Bio-Tech*, 80 F.3d at 1563 (declining to give preclusive effect to International Trade Commission's dismissal of patent infringement action, even though second-filed action for damages was based on same claim, because there were "jurisdictional limitations on the relief available in the ITC," namely its power to award damages); *V.V.V. & Sons*, 946 F.3d at 545–47 (finding claim preclusion did not apply to plaintiff's federal lawsuit when original "limited" proceeding was before Trademark Trial and Appeal Board, which lacked authority to decide plaintiff's various substantive claims or award damages or injunctive relief); *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992) (claim preclusion not applicable to claims plaintiff could not have brought in prior proceeding before arbitration panel because panel did not have subject matter jurisdiction over those claims). These barriers may also exist when they result from a court system's continued use of "older modes of procedure," e.g., when a court insists on distinctive remedies for legal and equitable claims. *See* Restatement (Second) of Judgments § 26 cmt. c (1982).

Composite does not explain how its inability to recover damages in the Nevada case stemmed from any limitations on the Nevada court's jurisdiction or its continued use, if any, of older modes of procedure. Composite simply argues the Nevada court "did not have the power to award damages" because "once Recon filed for bankruptcy, the bankruptcy laws erected a formal jurisdictional barrier." Opp'n at 5. Composite does not explain, however, what formal jurisdictional barrier the bankruptcy laws erected when Recon filed for bankruptcy; it also never develops its claim that a "statutory barrier" existed in the Nevada lawsuit. Nor does Composite identify a case in which a plenary federal court proceeding was found to be an ineffective forum.

Second, even if Recon's bankruptcy filing barred Composite from recovering damages from Recon in the Nevada litigation, it did not create a formal barrier to its recovering damages

from Parsons. *See, e.g.*, *Fromson v. Citiplate, Inc.*, 886 F.2d 1300 (Fed. Cir. 1989) (affirming district court's addition of defendant-corporation's principal officers as defendants in patent infringement lawsuit under Rule 15(c); plaintiff had raised concerns shortly before trial about corporation's ability to pay and corporation had later declared bankruptcy).  At hearing, Composite acknowledged it could have brought the claims it attempts to bring here against Parsons in its Nevada lawsuit.  *Fromson* instructs that those claims could have resulted in a damages award.  Because Composite could have recovered damages from Parsons in the Nevada lawsuit, Recon's bankruptcy filing did not erect a formal barrier to such recovery.

### C. *Acumed*

Also at hearing, Composite relied heavily on *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319 (Fed. Cir. 2008), for its position that claim preclusion does not bar its lawsuit against Parsons in this court.  In *Acumed*, the Federal Circuit reviewed a district court decision that expressly declined to analyze the allegedly infringing products under the "essentially the same" standard, instead finding claim preclusion applied merely because a claim could have been litigated in an earlier lawsuit.  *Id.* at 1324–25.  The Federal Circuit reversed, holding that "claim preclusion does *not* apply unless the accused device in the action before the court is 'essentially the same' as the accused device in a prior action between the parties that was resolved by a judgment on the merits."  *Id.* at 1324 (citation omitted) (emphasis in original).  Unlike the *Acumed* district court, this court does not find claim preclusion applies merely because Composite could have brought the subject claims against Parsons in its Nevada lawsuit; the court finds, consistent with *Acumed*, claim preclusion applies because Composite's claims are based on the exact same products that infringe the exact same patents for which Composite could have sued Parsons for damages in its Nevada lawsuit.

### III. CONCLUSION

Parsons' motion to dismiss is **granted**.  Because Composite is precluded from litigating its claims against Parsons in this court, the motion is granted without leave to amend because any opportunity to amend would be futile.  *See* Fed. R. Civ. P. 15(a); *Owens*, 244 F.3d at 712.  The Clerk of Court is **directed** to close the case.

1        This order resolves ECF No. 13.

2        IT IS SO ORDERED.

3    DATED: September 9, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE