UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Composite Resources, Inc., | No. 2:21-cv-02352-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Derek R. Parsons, | |
| Defendant. | |

The court previously granted defendant Derek Parsons's motion to dismiss without leave to amend. *See* Prev. Order, ECF No. 26. Plaintiff Composite Resources, Inc. now moves to alter or amend the judgment under Rule 59(e). As explained in this order, Composite has not identified relevant changes in the law or evidence, has not shown the court's decision rested on clear error, and has not established the court's order was manifestly unjust, as would be necessary to obtain relief under Rule 59(e), so its motion is **denied**.

I.    BACKGROUND

Composite originally pursued claims against a different defendant, Recon Medical, LLC, in the United States District Court for the District of Nevada. *See* Compl. ¶¶ 7–25, ECF No. 1. The Nevada court found Recon liable for unfair competition and trademark infringement. *Id.* ¶¶ 19–20. Then, as the trial on Composite's remaining claims was beginning, Recon filed for Chapter 11 bankruptcy. *Id.* ¶¶ 26–27. The case went forward, however, and the jury found that

1   Recon's tourniquets infringed Composite's patents. *Id.* ¶ 35. The district court then permanently
2   enjoined Recon and anyone affiliated with Recon from using, selling, importing, or monetizing its
3   infringing tourniquets. Perm. Inj. Order at 13, ECF No. 16-1.

4       Recon filed this case against Parsons, Recon's CEO, after the trial but before the Nevada
5   District Court entered the permanent injunction. *See generally* Compl., ECF No. 1. After the
6   Nevada District Court issued the permanent injunction, Parsons moved to dismiss this action
7   under Federal Rule of Civil Procedure 12(b)(6), arguing the Nevada case was preclusive. *See*
8   *generally* Mot. to Dismiss, ECF No. 13-1. The court agreed the Nevada case was preclusive and
9   granted Parsons's motion to dismiss without leave to amend. Prev. Order at 10.

10      This court first rejected Composite's argument that its claims against Parsons could move
11  forward because Parsons was not a defendant in the Nevada lawsuit. *Id.* at 4–6, *see also* Opp'n at
12  8–12, ECF No.16. Composite's complaint "conclusively demonstrate[d] privity between Parsons
13  and Recon for claim preclusion purposes: Composite repeatedly allege[d] that Parsons 'controls
14  Recon' and has 'ultimate authority' over all of Recon's business activities; it describe[d] Parsons
15  as the 'moving force' and the person 'responsible for all of [Recon's] relevant decisions' that led
16  to its 'tortious acts of patent infringement.'" Prev. Order at 6 (quoting Compl. ¶ 2). Composite
17  also alleged Parsons was bound by the judgment against Recon. *Id.* (citing Compl. ¶¶ 50, 62, 74).

18      The court then rejected Composite's argument that it could rely on two exceptions to the
19  ordinary claim preclusion rules. These exceptions allow plaintiffs to assert otherwise precluded
20  claims if "temporal" or "formal jurisdictional or statutory barriers" prevented them from asserting
21  those claims in the original case. *See id.* at 7–10. First, the court interpreted the Federal Circuit's
22  relevant decisions as requiring a "new right" for the temporal exemption to apply. *Id.* at 7
23  (quoting *Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed. Cir. 2010)). Composite had not pointed to any
24  such "new rights." Both cases concerned the same products and the same patents. Second, the
25  court held the exception for "formal jurisdictional or statutory barriers" did not apply. *Id.* at 9.
26  Composite did not explain how "its inability to recover damages in the Nevada case stemmed
27  from any limitations on the Nevada court's jurisdiction or its continued use, if any, of older

1   modes of procedure." *Id.* Composite did not develop its claim of any barrier and cited no statute

2   to support its claim of a "statutory barrier" in the bankruptcy code. *Id.* at 9–10.

3         Composite now asks the court to reconsider under Federal Rule of Civil Procedure 59(e).

4   ECF No. 27. Parsons opposes the motion, ECF No. 33, and Composite has replied, ECF No. 34.

5   The court submitted the matter without hearing oral arguments.

6   **II.   LEGAL STANDARD**

7         A motion under Rule 59(e) may be granted (1) "to correct manifest errors of law or fact

8   upon which the judgment rests"; (2) "to present newly discovered or previously unavailable

9   evidence"; (3) "to prevent manifest injustice"; or (4) to account for "an intervening change in

10  controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The moving

11  party bears the burden to show it is entitled to relief, and that burden is heavy. *See S.E.C. v.*

12  *Pattison*, No. 08-4238, 2011 WL 2293195, at *1–2 (N.D. Cal. June 9, 2011). Absent clear error

13  or changes in the evidence or controlling law, a Rule 59(e) motion "should not be granted absent

14  highly unusual circumstances." *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.

15  1999). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present

16  evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v.*

17  *Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Wright & Arthur Miller, Fed. Prac. &

18  Proc. § 2810.1 at 127–28 (2d ed. 1995)).

19  **III.  ANALYSIS**

20        Composite first contends the court's order was manifestly unjust. *See* Pls.' Mem. at 2–4,

21  ECF No. 27-1. Similarly, it urges the court to consider the equitable implications of its previous

22  order. *See id.* at 10–12. District courts have described manifest injustice as "a catch-all factor."

23  *Galen v. Redfin Corp.*, No. 14-05229, 2015 WL 7734137, at *4 (N.D. Cal. Dec. 1, 2015). It can

24  capture a variety of "situations that strike the court as unfair." *Id.* But "a disappointed litigant"

25  cannot claim manifest injustice in an "attempt to persuade the court to change its mind." *Young v.*

26  *Thomas*, No. 14-02550, 2015 WL 3397193, at *2 (D.S.C. May 26, 2015) (quoting *Abdur-Rahiim*

27  *v. Holland*, No. 17-0079, 2015 WL 859117 (E.D. Ky. Feb. 27, 2015)). Composite's motion fits

28  that mold. It reiterates its argument that uncited provisions of the Bankruptcy Code prevented it

1   from recovering damages in the Nevada case, so it argues it would be unfair to preclude it from
2   asserting damages claims in this action.  Pl.'s Mem. at 3, ECF No. 27-1.  Composite's motion
3   does not show manifest injustice, but rather attempts to "relitigate old matters" improperly.
4   *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (citation omitted).

5   Composite argues similarly that the court's order unfairly forces patent holders to "sue not
6   only the infringing company, but also every single officer, employee, and agent of the company,
7   or else run the risk that the corporate defendant could wait until the eve of trial to file for
8   bankruptcy and leave the patent owner without any remedy for damages."  Pl.'s Mem. at 3.  This
9   argument relies on too many unsupported assumptions to be persuasive.  It assumes, for example,
10  that Composite could not have amended or supplemented its complaint in the Nevada case after
11  learning about the bankruptcy.  *Cf.* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave
12  [to amend the complaint] when justice so requires."); Fed. R. Civ. P. 15(d) ("On motion and
13  reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading
14  setting out any transaction, occurrence, or event that happened after the date of the pleading to be
15  supplemented.").  It assumes Composite had no recourse under the Bankruptcy Code.  And it
16  assumes Composite was unaware of Parsons's integral role in the company earlier in the case, and
17  could not previously have pled that he "controls" Recon and "took part in" Recon's infringing
18  actions, as it now alleges.  Compl. ¶¶ 2, 33, 47.

19  Composite's second argument for reconsideration rests on its claim that the court clearly
20  erred.  *See* Pl.'s Mem. at 4–9.  The Ninth Circuit has not defined "clear error" in the specific
21  context of a Rule 59(e) motion.  District courts within the Ninth Circuit ordinarily use "clear
22  error" to refer to situations in which they have a "definite and firm conviction that a mistake has
23  been made," adopting the standard commonly applied in the appellate context.  *U.S. Ethernet*
24  *Innovations, LLC v. Acer, Inc.,* No. 10-3724, 2015 WL 1478636, at *2 (N.D. Cal. Mar. 31, 2015)
25  (quoting *United States v. Ruiz–Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010)).

26  Composite argues the court clearly erred in finding privity between Parsons and Recon
27  and in concluding the Nevada court had jurisdiction over Parsons.  Composite could have raised
28  these arguments in its opposition to Parsons's motion to dismiss and at hearing on that motion,

4

but it did not. The court declines to consider them now. *See Banister v. Davis,* 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Composite also reiterates its argument that Parsons's acts following the filing of the Nevada lawsuit fit the temporal exception to the ordinary claim preclusion rules. Pl.'s Mem. at 9. The court declines to reopen this debate. *See Exxon Shipping*, 554 U.S. at 485 n.5. Composite argues similarly the court clearly erred by "limiting the *Gillig v. Nike* case to 'new rights' acquired by the plaintiff." Pl.'s Mem. at 9. Conflicting readings of *Gillig* may be plausible, but the court perceives no "clear error," i.e., a mistake "beyond debate," in its previous conclusions. *United States v. Wanland*, No. 13-02343, 2017 WL 3712908, at *3 (E.D. Cal. Aug. 28, 2017). As the court noted in its previous order, another district court has persuasively rejected the reading of *Gillig* that Composite now advances. Prev. Order at 7 (citing *Adaptix, Inc. v. Amazon.com, Inc.*, No. 14-01379, 2015 WL 4999944, at *7–8 (N.D. Cal. Aug. 21, 2015)).

Finally, Composite argues in its reply brief that the court clearly erred by granting the motion to dismiss without leave to amend. Reply at 2–3. Composite could have requested leave to amend in opposition to the motion to dismiss or at hearing, but it did not. A post-judgment motion is not an appropriate way to raise arguments and evidence that could have been raised earlier. *Banister,* 140 S. Ct. at 1703. But in any event, the court perceives no clear error in its previous determination that an amendment would be futile. *See* Prev. Order at 10. The amendments Composite now proposes would not allow it to rely on exceptions to claim preclusion rules.

IV.   **CONCLUSION**

The court **denies** Composite's motion to alter or amend the judgment (ECF No. 27).

IT IS SO ORDERED.

DATED: January 17, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

5